UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HOWELL O. ATKINS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-360 RM |
| | ) | |
| SGT. GREEN, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Howell Atkins, a <u>pro se</u> prisoner, submitted a complaint without payment of the filing fee. A prisoner may not bring a civil action <u>in forma pauperis</u> if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Northern District of Indiana confirm that the disposition of two cases filed by Mr. Atkins qualify as "strikes" within the meaning of §1915(g):

(1) 3:92-cv-772 RM, dismissed for failure to state a claim, September 23, 1993;
(2) 3:93-cv-410 RM, <u>in forma pauperis</u> status denied, and dismissed as frivolous on July 2, 1993;

Additionally, the records of the United States District Court for the Southern District of Indiana confirm that the disposition of three cases filed by Mr. Atkins qualify as "strikes" within the meaning of §1915(g):

(3) IP95-C-1241-T/G, dismissed as frivolous on January 31, 1996;
(4) IP95-C-1587-M/S, dismissed as frivolous on March 15, 1996; and
(5) IP96-C-0567-M/S, dismissed as frivolous on April 30, 1996

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Atkins's complaint contains allegations which might rise to the level of an imminent danger of serious physical injury. But these allegations deal with conditions at the Miami Correctional Facility, where Mr. Atkins was confined when he filed his complaint. His motion for this cause to be held in abeyance, filed November 15, 2006, and the attachments to that submission, establish that he is now housed at the Chain O' Lakes Correctional Facility. Accordingly, the court will deny Mr. Atkins leave to proceed in forma pauperis. Mr. Atkins still may proceed with this case, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court:

(1) **DENIES** the plaintiff leave to proceed in forma pauperis, (docket #3);

(2) **GRANTS** the plaintiff to and including January 2, 2007, within which to pay the $350.00 filing fee; and

(3) **ADVISES** him that if he does not pay the filing fee by that date, this case will be dismissed without further notice without affecting his obligation to pay the filing fee.

2

SO ORDERED.

ENTERED: November  30 , 2006


   /s/ Robert L. Miller, Jr.,
Chief Judge
United States District Court